129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jasper J. HARRISON, Petitioner-Appellant,
v.
Daniel R. McBRIDE, Respondent-Appellee.
 No. 97-1095.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept 25, 1997.*
Decided Oct. 7, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, Allen Sharp, Judge; No. 3:96cv0429 AS.
 
 Order
 
 2
 A prison disciplinary board concluded that Jasper Harrison stole some property in the institution's library. It required Harrison to perform an extra 20 hours of work, and it withdrew recreational privileges for 30 days. This straw broke the camel's back: Harrison had accumulated so many institutional infractions that the prison treated him as an habitual rule violator. Four months after the theft finding, the prison held a new hearing at which the only issues were (a) whether he had committed enough violations to be an habitual offender, and (b) what penalty should be imposed. The prison declined to allow Harrison to relitigate any of the underlying violations. After finding that he was an habitual violator, Harrison alleged, the state deducted 60 days of good-time credits. Six months after that, the prison refused to promote Harrison to a faster credit-earning class (to which he otherwise would have been entitled), relying on the habitual-offender designation. These are Harrison's allegations, and the facts may be otherwise, but for current purposes we must accept his view of matters.
 
 
 3
 When responding to Harrison's petition under 28 U.S.C. § 2254, the State of Indiana addressed only the initial determination that Harrison committed the theft. It ignored the ensuing loss of good-time credits and the lower rate at which credits accrued. Perhaps misled by this, the district judge did not mention Harrison's main contentions. The judge dismissed the petition after concluding that Indiana had not deprived Harrison of liberty. Citing Sandin v. Conner, 115 S.Ct. 2293 (1995), the judge observed that extra work and a temporary loss of recreational privileges involve neither liberty nor property, that as a consequence no process at all was "due" under the fourteenth amendment, and that Harrison therefore had no conceivable complaint about the conduct of the disciplinary hearing.
 
 
 4
 Harrison filed a motion for reconsideration, reiterating his argument that the theft finding led to the forfeiture of good-time credits, undoubtedly a liberty interest and likewise the sort of "custody" that properly may be contested in an action under § 2254. Sweeney v. Parke, 113 F.3d 716, 718 (7th Cir.1997); Meeks v. McBride, 81 F.3d 717, 719 (7th Cir.1996). The district court responded (and this is its entire order):
 
 
 5
 This court entered a Memorandum and Order on October 30, 1996, and the Clerk entered a judgment thereon November 1, 1996. This pro se petitioner filed for reconsideration on November 14, 1996, basically seeking that the dismissal entered on October 30, 1996, be without prejudice. According to the docket sheet this court now has before it, indeed the dismissal was without prejudice. In order to resolve any doubt in favor of this petitioner, the dismissal is WITHOUT PREJUDICE. IT IS SO ORDERED.
 
 
 6
 Later the judge issued a certificate of appealability, stating the issue as follows:
 
 
 7
 Whether the petitioner was denied his due process rights in his prison disciplinary hearing, violating the Fourteenth Amendment to the United States Constitution.
 
 
 8
 It is evident that the district court misunderstood Harrison's claim. He wanted to challenge the deprivation of good-time credits and retention in a lower credit-earning class, both of which postpone the date on which he will be released from prison. The district judge did not adjudicate this challenge. Instead he addressed a different kind of argument, one that in light of the "custody" requirement in § 2254 could not properly be advanced via a petition for a writ of habeas corpus. Having concluded that the challenge he attributed to Harrison was frivolous (as indeed such a challenge would have been), the judge inconsistently dismissed it "without prejudice" and then issued a certificate of appealability. Section 2253(c)(2) provides: "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." The district judge did not find that Harrison "has made a substantial showing of the denial of a constitutional right", and the point of the judge's initial order was that the claim the judge thought Harrison to be making had been recently interred by the Supreme Court of the United States. No such claim could be thought "substantial" thereafter. The certificate of appealability issued in this case does not comply with § 2253(c)(2).
 
 
 9
 We treat Harrison's notice of appeal as requesting that we issue a proper certificate of appealability. Fed. R.App. P. 22(b). We think that Harrison has made the showing required by the statute--not necessarily on the merits of his claim, but on the subsumed argument that the district judge violated his rights by failing to adjudicate the claim presented for decision. We therefore issue a certificate of appealability, reverse the judgment of the district court, and remand for proceedings on Harrison's collateral attack. The merit of that challenge is something the district judge must address in the first instance.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)